Jones, J.
concurred. He said: Three questions rise on this statute: 1. Whether debt lies for the sheriff’s fee? and it has been determined that it does: inasmuch that when a statute does not express what remedy one shall have for a fee or forfeiture, &c. an action of debt lies.
2. Whether (when a sheriff makes a covenant to the bailiff of a liberty to levy an execution) the sheriff or the bailiff shall have the fee? Also, when a sheriff makes an extent and another makes a liberate, which of them shall have the fee, or shall be said to have made execution ?
3. The question in the present case. It was argued also in the Common Bench. I have a note of it: but do not recollect their decision, for the present.
With regard to the second point, he said it made a very great difference, whether the corporation be a county of itself, or not. Because, when the corporation is a county, there the sheriff is an officer of this court, and shall be charged with the prisoners here at Westminster, Therefore as his charge and his risk are equal to those of the other sheriffs, it is but reasonable he should have the same fees. But the bailiff of a corporation, which is not a county, has neither the same trouble nor the same danger.
The Judges not being prepared for a solemn argument, the case was adjourned.
For example. If I deliver a writ to the sheriff to arrest I. S. and afterwards I forbid him to arrest him, and I desire him to return the writ, and he arrests I. S. quære whether I. S. may have false imprisonment? It seems not. Secondly, quære, whether I may have an action on the case against the sheriff or no? and it seems I may. For, *20 perhaps I may be prejudiced. Thirdly, quære, whether the sheriff shall have an action on the case against me for his fees? Postea, Walden and Gerner, vs. Ursy and Ursy, p. 51. Bendl. 191, Palmer 399. Noy 75. Poph. 173. 2 Cr. 287. Proby and Limbey, mo. 853.